UNITED STATES of America, Plaintiff,

v.

Judy M. Myers WILKINSON, a/k/a Judy M. Wilkinson, Judy M. Sailer, Judy M. Myers, Defendant.

No. 00–2308–JWL.

United States District Court, D. Kansas.

Nov. 1, 2001.

**MEMORANDUM & ORDER**

LUNGSTRUM, District Judge.

This is a student loan default case. The United States of America, as holder of the promissory note executed by the defendant, Judy M. Myers Wilkinson, a/k/a Judy M. Wilkinson, Judy M. Sailer, Judy M. Myers, seeks judgment against the defendant for the unpaid principal, accrued interest, and the present and future costs of this action, plus post-judgment interest as allowed by law. The only issue in this case is whether Wilkinson repaid this note as she alleges in the pretrial order. Throughout the course of this lawsuit, Wilkinson mistakenly believed that she repaid this student loan by garnishment of her wages in 1991 and 1992. Wilkinson now admits that the California Franchise Tax Board garnished her wages in 1991 and 1992 for unpaid personal income taxes— and not for the repayment of this note.

Because Wilkinson did not file a response to the United States' Motion for Summary Judgment (doc. # 25), the court deems the United States' statement of uncontroverted facts as admitted pursuant to D. Kan. Rule 56.1 and grants the United States' motion for summary judgment as uncontested pursuant to D. Kan. Rule 7.4.

**Uncontroverted Facts**

To finance her education, on March 15, 1982, Judy Wilkinson executed a promissory note to secure a loan in the amount of $2,500 with interest at the rate of 9% per annum, from the Crocker National Bank. The loan was made under federally funded loan programs authorized under Title IV–E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, *et. seq.* The terms of the note required repayment beginning seven months after Judy Wilkinson ceased carrying at least one-half the normal full-time academic load at an eligible institution, and Wilkinson ceased to carry such an academic load before 1990.

The United States is the current holder of the promissory note executed by Judy Wilkinson on March 15, 1982, in the amount of $2,500 with interest at the rate of 9% per annum, from the Crocker National Bank. The United States has made demand for payment on this note, but Judy Wilkinson refuses to honor that demand, claiming that she has already repaid this note. The defendant, Judy Wilkinson, owes the United States $2,832.92 in principal, $3,937.22 in interest as of December 10, 1999, plus interest accruing at a rate of $.70 per day since December 10, 1999, for a promissory note signed on or about March 15, 1982.

In the pretrial order, Wilkinson sets forth repayment as the only defense to this action. Specifically, Judy Wilkinson contends that she repaid this note by garnishment of the wages she earned as an AT & T employee in 1991 and 1992. As Wilkinson believed, and as the United States concedes, her wages were garnished by some entity in 1991 and 1992, but due to the age of the garnishments, AT & T's records did not identify the payee of the garnishments. Unfortunately for Wilkinson, it is now clear from other records and sources that those garnishments in 1991 and 1992 were not for the repayment of this note (to the United States or any prior holder of the note), but instead for the payment of liens apparently related to unpaid personal income taxes owed to the State of California. Wilkinson now admits that the garnishments of her wages in 1991 and 1992 by the California Franchise Tax Board were not garnishments to repay the note that is the subject of this action.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56; *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is upon the moving party to show the absence of facts or evidence material to the ultimate disposition of the action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party may not rest on its pleadings but must set forth specific facts to defeat a properly supported summary judgment motion. *Applied Genetics Int'l. Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). The requirement that a "genuine" issue exist means that evidence must be presented from which a reasonable fact finder could return a verdict in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. 2548. Further, "[a] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. at 256, 106 S.Ct. 2505. A party, in its response to a summary judgment motion, may not rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir.1988).

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Ordinarily, suits on promissory notes provide 'fit grist for the summary judgment mill.' " *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (1995) (quoting *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988)).

### Analysis

Because Wilkinson concedes that she did not repay this note by the garnishment of her wages in 1991 and 1992–the only defense alleged in the pretrial order-the United States is entitled to summary judgment. Based upon the admissions of the defendant and the uncontroverted evidence, summary judgment is granted against the defendant, Judy Wilkinson, and in favor of the plaintiff, United States, in the amount of $2,832.92 in principal, $3,937.22 in interest as of December 10, 1999, plus interest accruing at a rate of

$.70 per day since December 10, 1999, until date of judgment and after judgment at the rate set forth in 28 U.S.C. § 1961, plus $150.00 filing fee as allowed by 28 U.S.C. § 2412(a)(2), and for present costs of this action.

IT IS THEREFORE ORDERED BY THE COURT that the United States' Motion for Summary Judgment (doc. # 25) is granted as uncontested. Accordingly, the court enters judgment against Wilkinson for the unpaid principal of her student loans plus interest to date in the amount of $ 7,403.84. Interest on the judgment shall be paid as prescribed by 28 U.S.C. § 1961 until the judgment is paid in full.

IT IS SO ORDERED this __ day of November, 2001.